# MEMORANDA

# CASES NOT REPORTED IN FULL.

HENRY O. ELY, Appellant, *v.* WILLIAM E. TAYLOR, as
Administrator, etc., of HATTIE S. PHELPS, Deceased,
Respondent.

*Refusal of an executor or administrator to consent to refer a claim — when the
claimant is entitled to recover costs — effect of the certificate of the judge or referee
as to the refusal to refer — Code of Civil Procedure, sec. 1836.*

APPEAL from an order made at the Otsego Special Term and
entered in Broome county, denying the plaintiff's motion for costs
and an extra allowance.

The court at General Term said: "This is an appeal from an
order refusing plaintiff costs and an extra allowance. The plaintiff
presented to defendant a bill for services rendered to or for defend-
ant's intestate. The claim was rejected. The referee certifies that
the defendant refused to refer the claim under the statute. He
also shows the concession of the defendant that he refused to refer
the claim in pursuance of plaintiff's notice, whereby plaintiff offered
to refer the claim under the statute to certain persons named, 'or
any other suitable or proper person, as referee, to be approved by
the surrogate.' Besides this evidence, concession and certificate
furnished by the referee, there is evidence that B. S. Richards, the
attorney for the defendant in this action, refused to refer the claim,
and advised plaintiff's attorney that he might as well sue it at once.
Afterwards the action was commenced, and again the defendant,
through his counsel, resisted a reference which was, however, granted.

"Section 1836 of the Code provides that where 'the *defendant*
refused to refer the claim as prescribed by law, the court may
award costs against the executor or administrator, to be collected
either out of his individual property, or out of the property of the
decedent, as the court directs, having reference to the facts which
appeared upon the trial. Where the action is brought in the Supreme

Court * * * the facts must be certified by the judge or referee, before whom the trial took place.' We think the certificate of the referee ' that the defendant, before the commencement of the action, refused to refer the claim under the statute ' is *prima facie* conclusive upon the court, and is a fact proper to be certified. Certainly no person can better determine that question, and it is far wiser to allow such determination to control than to resort to affidavits of attorneys and interested parties. Often the merits of the controversy are decided and the costs alone are at stake. Of what use is a certificate if it decides nothing ? Why should a judge or referee be required to certify what the fact is and then allow him to be contradicted or impeached by loose affidavits? When a case is charged to have been unreasonably defended, the facts which appear upon the trial may properly be referred to, and in such cases if the certificate does not state all the facts, fully and fairly, they may be shown by affidavits. But where the sole fact controlling the grant of costs against the defendant depends upon his refusal to refer, the certificate of the referee upon a concession by defendant, on trial, ought to be conclusive. Whether the costs should be charged against the defendant, personally, or against the estate he represents, may depend upon other facts appearing on the trial, which may be shown by affidavits, if necessary. The refusal to refer is a fact, and not a conclusion of law. The evidence of such fact need not be certified.

" The plaintiff must apply to the court for an allowance of costs before it can be included in the judgment. Such was the law before the Code, and it is so still. The certificate of the referee, it would seem, must be presented showing the necessary facts. The essential fact in the present case is the refusal by defendant to refer. If he did refuse the plaintiff is entitled to costs. If it be conceded that the certificate is not conclusive, and that other evidence upon that question is competent, we still think the refusal of the defendant to refer is abundantly established."

*Alex. Cumming,* for the appellant.

*Jerry McGuire,* for the respondent.

Opinion by BOARDMAN, J. ; HARDIN, P. J., and FOLLETT, J., concurred.

Order of Special Term reversed and plaintiff's motion for costs and disbursements granted, with ten dollars costs and disbursements of this appeal.